## WHITTAKER v. TRACY.

### [MAY TERM, 1883.]

APPEAL: *Diligence in prosecuting: Loss of papers by clerk.*

Where an appeal from a justice of the peace is dismissed for an apparent want of diligence in perfecting and prosecuting it, and it is afterwards shown by the discovery of the papers which had been mislaid by the clerk that there was no want of diligence on the part of the appellant, the dismissal should be set aside and the case proceed to trial.

APPEAL from *Desha* Circuit Court.

Hon. X. J. PINDALL, Circuit Judge.

*L. A. Pindall*, for appellant.

1. The response to the motion to dismiss the appeal clearly showed merits and reasonable diligence, and this is all the law requires.

2. The delay was caused by the negligence of the clerk, and not of appellant.

No excuse was offered in cases in *31 Ark., 268, 551* and *32 Id., 295*, and the doctrine of those cases should not be extended. In this case a showing was made as suggested in *32 Ark., 292*, and it was a reasonable showing.

All the requisites of *section 3827, Gantt's Dig.*, were complied with, and the cause was in court, and could only be dismissed for causes prescribed in *sec. 4638, Ib.*

*T. B. Martin*, for appellee.

The dismissal of the appeal was a matter within the sound discretion of the court below, in view of all the circumstances. The cases of *McGehee v. Carroll & Jones, 31 Ark., 551; Smith v. Allen, Ib., 268*, and *Hughes v. Wheat., 32 Ark., 292*, are directly in point, and conclusive of this case.

STATEMENT.

ENGLISH, C. J.　In July, 1880, Patrick Tracy, as a pauper, sued Margaret Whittaker, before Justice Garland of Desha county, on an account for services, claiming a balance of three hundred dollars. She denied that she owed him anything; and alleged that he was indebted to her in the sum of three hundred dollars, after deducting all credits, for which she claimed judgment. On the second of August there was a trial and verdict and judgment in favor of Tracy for one hundred and fifty-nine dollars.

On the fourteenth of August Mrs. Whittaker filed an affidavit and bond for appeal in the circuit court; and Justice Garland made a transcript of his docket entries in the

case, to which he attached a certificate of authentication bearing date the eighth September. It seems that he delivered this transcript, with the original papers, to the clerk of the circuit court on the eighteenth September, and the clerk endorsed upon an envelope containing them the filing of them on that day; and inadvertently, perhaps, placed the envelope in a pigeon-hole where he was not in the habit of putting the papers in cases to be docketed for the approaching term of the court, and failed to docket the appeal in this case.

At the time the appeal was taken, Justice Garland issued a supersedeas, was paid his fees by Mrs. Whittaker for perfecting the appeal, and her attorney requested him to make out a transcript of his docket entries, and file it and the original papers in the clerk's office, which it seems was done, as above stated.

At the October term, 1880, of the circuit court, to which the appeal had been taken, the attorney of Mrs. Whittaker, finding that the case was not docketed, and being under the impression that the appeal had been properly taken, and the papers filed in the clerk's office, applied to the clerk for them, and was informed by him that no such paper had been received, and hence the case had not been placed on the docket, he failing to remember that he had in fact received the papers, marked them filed, and deposited them in a pigeon-hole, as above shown.

The attorney then applied to Justice Garland for the papers, who, not remembering that he had filed them in the clerk's office, promised to hunt them up. This application was repeated, and the attorney also applied to Justice Hill, who had succeeded Garland in office of justice of the peace, and had possession of his docket, and neither of them could find the missing papers.

On the thirtieth of April, 1881, while the appeal was in fact pending, and the judgment superseded, Tracy procured

Justice Hill to issue an execution upon it, and the sheriff was about to levy upon the goods of Mrs. Whittaker.

On her application, the circuit judge, in vacation, ordered the clerk to issue a *certiorari* to Justice Hill, commanding him to certify a transcript of the docket entries, etc., in the case, and also directed the clerk to issue a restraining order.

On the fourteenth of May, the clerk issued the *certiorari*, and Justice Hill returned upon it a transcript of the docket entries, and stated that the original papers in the case were not and had not been in his possession. On the return of the writ, the case was docketed as upon *certiorari*.

At the following October term, the attorney of Tracy filed a motion to docket and dismiss the appeal for want of prosecution with proper diligence.

On motion of Mrs. Whittaker, a rule was issued to ex-Justice Garland to send up the original papers in the case, to which he responded that he had none of them in his possession, that to the best of his knowledge and belief he had turned over all the papers, "together with abstracts," to J. D. Coates, Esq., the attorney of Mrs. Whittaker.

Whereupon the attorney named filed an affidavit that after an appeal was granted the original papers in the case did not come into his possession.

Mrs. Whittaker then filed a response to the motion to dismiss the appeal, in which she stated all the steps taken by her and her attorney to perfect and prosecute the appeal, and that Tracy was insolvent, and justly indebted to her in a sum in excess of his claim, exhibiting bill of particulars, and asking permission to be allowed to supply, by substitution, the missing original papers, and that the case proceed to trial *de novo*.

The court sustained the motion to dismiss the appeal, and refused to set aside the order of dismissal on her motion, and she took a bill of exceptions setting out all the facts

then known to her, and made to appear on the hearing of the motions.

Afterwards, during the same term, she renewed her motion to set aside the order dismissing the appeal, and produced in court the certified transcript of the docket entries, and the original papers, which Justice Garland had delivered to the clerk, and which he had marked filed, and placed in a pigeon-hole, and forgotten, as above shown, and she proved by a deputy clerk, who had recently come into the office, that after the appeal had been dismissed, he was looking through the pigeon-holes for the purpose of straightening up the papers of the office, and found the missing papers, and did not know before that they were there.

The court, upon this further showing, refused to set aside the order dismissing the appeal, and Mrs. Whittaker took another bill of exceptions setting out the additional facts newly discovered, and appealed to this court.

### OPINION.

It is manifest that if appellant had taken a rule upon Justice Garland to produce the original papers sooner than she did, it would have been fruitless.

It is also clear that the failure to prosecute the appeal with more diligence was the fault of the clerk in misplacing and forgetting the papers, and not the fault or negligence of appellant or her attorney.

In *Smith et al v. Allen*, *31 Ark.*, *268*, and *Hughes v. Wheat*, *32 Ib.*, *292*, relied on by counsel for appellee, the parties taking the appeals were shown to have been negligent in prosecuting them, and hence it was held that their dismissal was no abuse of discretion.

Upon the final showing in this case, we think the court below should have set aside the order dismissing the appeal, and permitted the case to proceed to a trial *de novo* on its merits.

The judgment dismissing the appeal must be reversed, and the cause remanded to the court below for further pro-- ceedings.

NOTE.—This and the next two cases should have been printed in the: May Term, but were overlooked by the printer.—REP.